UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WILLIE RASBURY                                CIVIL ACTION NO. 14-cv-2871

VERSUS                                        JUDGE HICKS

USAA GENERAL INDEMNITY, ET AL      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Ms. Willie Rasbury ("Plaintiff") filed suit in state court to recover for personal injuries suffered when Kelli Faircloth drove her Lexus car into the rear of Plaintiff's Toyota SUV. Plaintiff sued Ms. Faircloth, USAA (Faircloth's liability insurer) and Hartford (Plaintiff's UM insurer). There was not diversity of citizenship between the parties named in the petition because Plaintiff and Ms. Faircloth are both citizens of Louisiana.

Plaintiff quickly negotiated a settlement with USAA and Ms. Faircloth and dismissed them from the state court case. Hartford, a citizen of Connecticut, removed the case four months later based on an assertion that diversity jurisdiction existed after Plaintiff voluntarily dismissed her claim against Faircloth. Before the court is Plaintiff's Motion to Remand (Doc. 7) on the grounds that Hartford's removal was untimely. Plaintiff argues that Hartford did not remove the case until more than 30 days after its receipt of "other paper" indicating that the case was removable. For the reasons that follow, the motion to remand will be granted.

**Discussion**

    **A. Other Paper; Triggering the Removal Period**

Hartford's removal was made with implicit reliance on the voluntary-involuntary rule. The jurisprudential doctrine provides that a case not originally removable may become so by the voluntary dismissal of a nondiverse defendant whose presence precluded removal. Phillips v. Unijax, 625 F.2d 54, 56 (5th Cir.1980); Weems v. Louis Dreyfus Corp., 380 F.2d 545, 546-548 (5th Cir.1967). Plaintiff does not dispute that this case became removable when she resolved her claims against Ms. Faircloth and USAA. Her argument is that Hartford waited too long after that resolution to file its notice of removal.

A defendant must ordinarily file a notice of removal within 30 days after service of the initial petition. 28 U.S.C. § 1446(b). But, as in this case, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Section 1446(b)(3).[1]

Disputes often arise as to when a defendant received "other paper" sufficient to notify it that the amount in controversy exceeded the jurisdictional limit and, thus, triggered the 30-

---

[1] Prior to a 2012 amendment, the language of Section 1446(b)(3) was found in the second paragraph of Section 1446(b), and many of the decisions cited herein refer to the provision by its former location. The relevant statutory language is identical.

day removal period. The Fifth Circuit has recognized that matters outside the formal pleadings, such as a deposition transcript or a post-complaint demand letter, may constitute "other paper" and trigger the removal clock. SWS Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996); Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759 (5th Cir. 2000).

Whatever the form of the other paper, it does not trigger the removal period under Section 1446(b)(3) unless "the information supporting removal" in the paper is "unequivocally clear and certain" that the facts now support removal. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002). See also Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc., 2015 WL 337682, *5, __ F. Supp. 3d __ (S.D. Tex. 2015).

Bosky, as with most cases in this area, addressed whether the other paper made it adequately clear that the requisite amount in controversy was at stake. Its holding that the paper must make it unequivocally clear and certain was based on the statutory requirement that it can be "ascertained" from the other paper that the case has become removable. Bosky does not indicate that its statutory interpretation would not apply to other grounds for removal suggested by an amendment or other paper, and there is no apparent basis that it would not. The question, then, is whether Hartford received paper, more than 30 days before it filed its notice of removal in October 2014, that made it unequivocally clear and certain that there was diversity present in the case. If so, the removal was untimely.

### B. Relevant Facts

Plaintiff filed her state court petition in April 2014 and promptly served Hartford through the Secretary of State. The parties do not dispute that the original petition was not removable because of the lack of diversity between Plaintiff and Ms. Faircloth.

Within weeks, and before any defendant appeared in the suit, Plaintiff's counsel negotiated a settlement with Ms. Faircloth and USAA. The liability insurer for Ms. Faircloth paid its liability policy limits of $50,000. Plaintiff's counsel prepared a proposed judgment of dismissal of Ms. Faircloth and USAA.

Plaintiff's counsel sent the proposed judgment to the clerk of court with a letter dated June 3, 2014. The letter stated that enclosed was a judgment of dismissal with reservation of rights, and counsel asked that the judgment be presented to the court for consideration and signature. The letter indicates that a copy was sent to counsel for Hartford. The body of the letter did not state what party was being dismissed or why, but counsel for Plaintiff testifies in an affidavit that he also provided Hartford a copy of the proposed judgment that he had forwarded to the court. The proposed judgment stated that Plaintiff had settled her claims against Ms. Faircloth and USAA, and the claims against those two defendants were dismissed with prejudice, reserving Plaintiff's rights against Hartford. The state court judge signed the judgment on June 4, 2014.

Hartford did not file an answer in the case until a few days later on June 12, 2014. Hartford represents that the clerk of court did not serve it with a copy of the notice of the signed judgment, which Hartford contends was required by Louisiana Civil Code Art. 1913. This court need not determine whether the clerk of court was obligated to serve that notice on a later-appearing party. The issue here is whether and when Hartford received "other paper," from whatever source, sufficient to trigger the removal period.

Plaintiff's counsel also mailed to counsel for Hartford on June 3, 2014 a separate letter in which he explained: "My client, Willie Rasbury, has settled her claims against the defendants, Kelli R. Faircloth and USAA General Indemnity Company for its policy limits of $50,000." Counsel added: "Enclosed with this letter is a copy of the Release of All Claims With a Reservation of Rights Against Hartford and the Judgment of Dismissal With Reservation of Rights that has been forwarded to the Court." Hartford did not file its removal until four months after this letter was sent.

Plaintiff's counsel sent a letter dated July 1, 2014 to counsel for Hartford and enclosed medical bills reflecting charges exceeding $50,000. He asked that the bills be processed under Hartford's medical payments coverage, and he made a demand for payment of the UM policy limits of $100,000. The letter noted that Hartford had previously been provided a copy of the declarations from Ms. Faircloth's policy and her affidavit that there was no other available insurance. Hartford later tendered payment of approximately $8,800 pursuant to the medical payments coverage.

Hartford served Plaintiff with written discovery requests. Plaintiff served answers dated August 21, 2014. Interrogatory No. 7 asked Plaintiff to identify her claimed damages. She responded by listing categories of damages that totaled more than $350,000. Interrogatory No. 14 asked if Plaintiff had been paid any sum on account of the damages she claimed. She responded that she had received the $50,000 policy limits from USAA, the liability insurer of Kelli Faircloth. Hartford asked in Interrogatory No. 23 if Plaintiff had settled any claims arising from the accident. She responded that she "has settled her claims

against Kelli Faircloth and USAA Casualty Insurance Company, Ms. Faircloth's liability insurer, in the amount of $50,000." Plaintiff's counsel served the discovery responses by facsimile and mail with a cover letter dated August 21, 2014. Hartford did not file its notice of removal until October 3, 2014, which was 43 days later.

Hartford later tendered almost $56,000 as an unconditional tender in connection with the claim. Plaintiff filed the next day an amended petition that alleged Hartford unreasonably refused to settle the claim and was liable for statutory penalties. The amended petition did not make any allegations regarding the prior parties to the case or their earlier dismissal.

Hartford retained new counsel, who submitted a motion to enroll in the state court case on October 2, 2014. The new attorneys filed a notice of removal in this court on October 3, 2014. The notice of removal asserts that removal was not proper so long as Ms. Faircloth was a citizen. It does not specify what event, if any, Hartford believes triggered the removal period, but it states that Hartford was not served with notice of the judgment of dismissal of USAA and Faircloth as allegedly required by state procedural law. Hartford conceded in its notice of removal that it appeared on the face of the original petition that Plaintiff sought more than $75,000 in damages.

**C. Analysis**

One treatise notes that courts are not uniform as to whether the 30-day removal period is triggered in cases such as this from the date of the settlement agreement with the nondiverse defendant, the date of filing dismissal papers, or from some other event. <u>Rutter Practice Guide: Fed. Civ. Pro. Before Trial</u> (5th Cir.), Chapter 2D-7 [2:3364]. The Fifth

Circuit has stated that a case becomes removable when, under state law, "the nondiverse defendant is no longer effectively a party to the case." Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 693 (5th Cir. 1995). The court stated that the federal court must look to state law to determine whether there has been a valid compromise or settlement, and it stated: "We reject the Vasquezes' argument that, as a matter of federal law, a formal and final dismissal under state law is required; instead, it is clear that a case may be removed based on *any* voluntary act of a plaintiff that effectively eliminates the nondiverse defendant from the case." Id.

The next question is when, if ever, did Hartford receive "other paper," through service or otherwise, from which it could first ascertain that the case had become removable under that standard. Under Bosky, the other paper must have made it unequivocally clear and certain that Plaintiff had taken a voluntary act that eliminated the nondiverse party from the case. A similar issue arose in Hargrove v. Bridgestone/Firestone North American Tire, LLC, 2012 WL 692410 (W.D. La. 2012). The court followed the rule that the execution of settlement documents that showed the plaintiff had no intention of proceeding against the nondiverse defendants makes the case removable, and "the fact that the judgment of dismissal had not been signed by the State court is of no consequence—what matters is that there was an 'expression of the intent by plaintiff which makes the case removable.'" Hargrove, 2012 WL 692410, *3-4. The court went on to find that the 30-day removal period had been triggered when the defendants received discovery responses that confirmed suspicions the plaintiff had settled with the nondiverse defendants several months earlier.

Defendants in Hargrove had suspected there was a settlement so they actually removed the case before they received the other paper that confirmed the settlement. They also supplemented their notice of removal within 30 days after receipt of the confirming discovery responses, so there was no doubt their removal was timely. The result is different in this case.

Hartford carefully states that it was never served with the judgment of dismissal by either the clerk of court or Plaintiff. It is difficult to believe they did not receive a copy of the signed judgment at some point, but Hartford never gives a hint of when that might have happened. It does not matter for current purposes, however, because Plaintiff's counsel sent Hartford's attorney a letter on June 3, 2014 that could not have been more clear in stating in the first sentence that Plaintiff "has settled her claims against the defendants, Kelli R. Faircloth and USAA General Indemnity Company for its policy limits of $50,000." The letter included a copy of the release of Faircloth and USAA and stated that the proposed judgment of dismissal had been forwarded to the court. Hartford was also sent a copy of a letter of that same date from Plaintiff's counsel to the clerk of court that enclosed the proposed judgment of dismissal and asked that it be presented to the court for signature.

At this point Hartford had received other paper that made it unequivocally clear and certain that Plaintiff had settled with the nondiverse Ms. Faircloth so that she was no longer effectively part of the suit and the case had become removable. Hartford waited more than four months from this correspondence to file its notice of removal. If it were not sufficiently clear from the June 3 letters and copy of the release and proposed judgment, Plaintiff

repeated in her August 21 discovery responses that she had "settled her claims against Kelli Faircloth and USAA Casualty Company."

It was not necessary that Hartford be formally served with a signed copy of the judgment of dismissal before the removal period was triggered. All that was necessary was that it receive paper that made it unequivocally clear and certain that Plaintiff had entered into a valid compromise with Ms. Faircloth. Hartford was told more than once in abundantly clear terms that such a settlement had happened, and it was provided a copy of the release that reflected the settlement. There is no contention that the compromise was not valid under Louisiana law. It appears that Hartford's new attorneys preferred to litigate in federal court, but by the time of their appearance Hartford's 30-day removal period had expired.[2] For these reasons, Plaintiff's **Motion to Remand (Doc. 7)** will be **granted**, subject to the stay set forth in the accompanying order.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of April, 2015.



Mark L. Hornsby
U.S. Magistrate Judge

---

[2] Hartford is bound by the effects of the papers received by its former attorneys and their election to not timely remove the case. Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. Irwin v. Dep't of Veterans Affairs, 111 S. Ct. 453, 456 (1990).